U.S. Bank N.A. v Shereshevsky (2021 NY Slip Op 05885)





U.S. Bank N.A. v Shereshevsky


2021 NY Slip Op 05885


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-06080
 (Index No. 512070/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Elka Shereshevsky, et al., appellants, et al., defendants.


Solomon Rosengarten, Brooklyn, NY, for appellants.
Friedman Vartolo LLP, Garden City, NY (Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Elka Shereshevsky, Chana Shereshevsky, and Shabsi Pfeiffer appeal from a judgment of foreclosure and sale of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 19, 2018. The judgment of foreclosure and sale, upon a decision of the same court dated September 12, 2017, made after a nonjury trial, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
On October 31, 2006, the defendant Elka Shereshevsky executed a note in favor of Bank of America, N.A. On the same date, to secure the note, Elka and the defendant Chana Shereshevsky executed a mortgage encumbering property located in Brooklyn. The note and mortgage were subsequently assigned to the plaintiff. In September 2014, Elka conveyed her interest in the property to the defendant Shabsi Pfeiffer and nonparty Gerard Crockett. Elka and Chana defaulted on the terms of the note and mortgage, and in December 2014, the plaintiff commenced this action to foreclose the mortgage. After a nonjury trial, the Supreme Court issued a decision in favor of the plaintiff and, thereafter, a judgment of foreclosure and sale. Elka, Chana, and Pfeiffer (hereinafter collectively the defendants) appeal.
RPAPL 1304(1) provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Home loan" is defined as a loan, inter alia, that is secured by a mortgage on real estate "which is or will be occupied by the borrower as the borrower's principal dwelling" (RPAPL 1304[6][a][1][iii]; see L 2009, ch 507, § 1-a [eff Jan. 14, 2010]). At trial, the plaintiff introduced into evidence a "SECOND HOME RIDER" that Elka and Chana executed as an addendum to the mortgage encumbering the property, which provided that they would occupy and use the property only as a second home. The defendants failed to offer any evidence demonstrating that Elka and Chana thereafter used the property as their principal dwelling. Thus, the evidence adduced at trial established that the loan was not a home loan pursuant to RPAPL 1304 and the requirements of RPAPL 1304 did not apply (see Nationstar Mtge., LLC v Gayle, 191 AD3d 1003, 1006; U.S. Bank [*2]N.A. v Echevarria, 171 AD3d 979, 981; Bayview Loan Servicing, LLC v Akande, 154 AD3d 694, 695).
The parties' contentions regarding the plaintiff's compliance with the requirements of RPAPL 1304 need not be reached in light of our determination. The parties' remaining contentions are without merit.
DILLON, J.P., IANNACCI, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court