JP Morgan Chase v Twersky (2022 NY Slip Op 00855)





JP Morgan Chase v Twersky


2022 NY Slip Op 00855


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2017-04268
 (Index No. 32760/08)

[*1]JP Morgan Chase, etc., appellant, 
v
Esther Twersky, respondent, et al., defendants.


Gross Polowy, LLC, Williamsville, NY (Stephen J. Vargas of counsel), for appellant.
Lambert & Shackman, PLLC, New York, NY (Thomas C. Lambert of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 27, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Esther Twersky, to strike her answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2006, in exchange for a loan that she received, the defendant Esther Twersky (hereinafter the defendant) executed a note in which she promised to repay $960,000. The note was secured by a mortgage on a three-family dwelling in Brooklyn. On or about December 4, 2008, the plaintiff commenced this action to foreclose the mortgage. The plaintiff subsequently moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The Supreme Court denied those branches of the motion on the ground that the plaintiff failed to provide sufficient evidence that the defendant had defaulted in making payment on the loan. We affirm, albeit on a different ground.
"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition. Alternatively, the plaintiff bears the burden of establishing, prima facie, that RPAPL 1304 is inapplicable, as the loan is not subject to the notice requirements set forth in RPAPL 1304" (U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 985 [citations and internal quotation marks omitted]; see U.S. Bank N.A. v Powell, 187 AD3d 1238, 1240).
At the time this action was commenced, RPAPL 1304 provided, as relevant, that a 90-day preforeclosure notice was required with respect to "a high-cost home loan, as such term is defined in section six-l of the banking law, a subprime home loan or a non-traditional home loan" (RPAPL former 1304[1]; see L 2008, ch 472, § 2). The statute, as then in effect, defined a "home loan" as a mortgage loan in which "[t]he principal amount of the loan at origination did not exceed the conforming loan size that was in existence at the time of origination for a comparable dwelling [*2]as established by the federal national mortgage association" (RPAPL former 1304[5][b]; see L 2008, ch 472, § 2). Banking Law § 6-l(1)(e) defines a "home loan" as, a mortgage loan in which, among other things, "[t]he principal amount of the loan at origination does not exceed the conforming loan size limit (including any applicable special limit for jumbo mortgages) for a comparable dwelling as established from time to time by the federal national mortgage association" (Banking Law § 6-l[1][e][i]).
Here, the plaintiff failed to establish that the RPAPL 1304 requirement is inapplicable on the ground that the loan was not a "home loan" within the meaning of RPAPL former 1304(5)(b). The plaintiff submitted evidence showing that, as per a chart of "Historical Conventional Loan Limits" purportedly published on a website of the Federal National Mortgage Association (hereinafter Fannie Mae), the conventional loan size limit for three-unit dwellings was $645,300 in 2006. However, the plaintiff "submitted no evidence showing that these historical conventional loan limits constitute the definition of a 'conforming' loan under former RPAPL 1304(5)(b). The plaintiff also submitted no evidence as to any Fannie Mae limits for 'jumbo' mortgages as of the date of origination of the subject loan" (U.S. Bank Trust, N.A. v Sadique, 178 AD3d at 986).
Accordingly, since the plaintiff failed to present any evidence that it complied with RPAPL 1304, we affirm the Supreme Court's determination to deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
In light of our determination, we need not reach the plaintiff's contention that it provided sufficient evidence that the defendant defaulted in making payment on the loan.
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court