MLB Sub I, LLC v Mathew (2022 NY Slip Op 01156)





MLB Sub I, LLC v Mathew


2022 NY Slip Op 01156


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-05786 
2019-05787
 (Index No. 505725/15)

[*1]MLB Sub I, LLC, respondent, 
v
Elizabeth Mathew, appellant, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Justin F. Pane of counsel), for appellant.
Knuckles Komosinski & Manfro, LLP, Elmsford, NY (Adam Wynn and Louis Levithan of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant Elizabeth Mathew appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated February 13, 2019. The first order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and, upon reargument, adhered to a determination in an order of the same court dated March 19, 2018, denying that defendant's prior cross motion for summary judgment dismissing the complaint insofar as asserted against her. The second order, insofar appealed from, awarded the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders dated February 13, 2019, are affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action, inter alia, to foreclose a mortgage on real property owned by the defendant Elizabeth Mathew (hereinafter the defendant). In her answer, the defendant raised several affirmative defenses, including failure to comply with RPAPL 1304 and with the notice of default provision in paragraph 22 of the mortgage. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved for summary judgment dismissing the
complaint insofar as asserted against her. In an order dated March 19, 2018, the Supreme Court denied the plaintiff's motion and the defendant's cross motion.
Thereafter, the plaintiff again moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the plaintiff's motion and cross-moved for leave to reargue her prior cross motion for summary judgment dismissing the complaint insofar as asserted against her. In an order dated February 13, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and, upon reargument, adhered to its original determination denying the defendant's prior cross motion. In a second order, also dated February 13, 2019, the court [*2]granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304(1) provides that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Home loan" is defined as a loan, inter alia, that is secured by a mortgage on real estate "which is or will be occupied by the borrower as the borrower's principal dwelling" (id. § 1304[6][a][1][iii]; see U.S. Bank N.A. v Shereshevsky, 198 AD3d 1000, 1001).
Here, the plaintiff established, prima facie, that the notice requirement of RPAPL 1304 was inapplicable, as the subject loan was not a "home loan" within the meaning of RPAPL 1304. The plaintiff demonstrated that the property being foreclosed was not the defendant's principal dwelling by submitting the "1-4 Family Rider" which deleted the occupancy-by-borrower requirement in the mortgage (see US Bank N.A. v Royes, 187 AD3d 1242, 1242; Citimortgage, Inc. v Simon, 137 AD3d 1190, 1192). In opposition, the defendant failed to raise a triable issue of fact.
The plaintiff also established, prima facie, that it had delivered the required notice of default in accordance with paragraph 22, and relatedly, paragraph 15, of the mortgage (see PennyMac Corp. v Arora, 184 AD3d 652, 655). In opposition, the defendant failed to raise a triable issue of fact. Additionally, upon reargument, the Supreme Court properly adhered to its original determination denying the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her, as the notice requirement of RPAPL 1304 was inapplicable for the reason stated above.
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court