Wells Fargo Bank, N.A. v Rodriguez (2022 NY Slip Op 06157)

Wells Fargo Bank, N.A. v Rodriguez

2022 NY Slip Op 06157

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-12535
2019-12536
 (Index No. 3407/16)

[*1]Wells Fargo Bank, National Association, etc., respondent, 
v
Mario Rodriguez, appellant, et al., defendants.

Paula A. Miller, P.C., Smithtown, NY, for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC (Greenberg Traurig, LLP, New York, NY [Ryan Sirianni], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mario Rodriguez appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both dated August 30, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, to treat his answer as a limited notice of appearance, and for an order of reference, and denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him. The second order, insofar as appealed from, granted the same relief to the plaintiff, denied the same relief to the defendant Mario Rodriguez, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mario Rodriguez, to strike his answer, to treat his answer as a limited notice of appearance, and for an order of reference, and substituting therefor provisions denying those branches of the plaintiff's motion; as so modified, the first order is affirmed insofar as appealed from, and so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mario Rodriguez, to strike his answer, to treat his answer as a limited notice of appearance, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mario Rodriguez, to strike his answer, to treat his answer as a limited notice of appearance, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that the second order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Mario Rodriguez.
The plaintiff commenced this action to foreclose a mortgage on real property owned by the defendant Mario Rodriguez (hereinafter the defendant). In his answer, the defendant raised several affirmative defenses, including failure to comply with RPAPL 1304. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, to treat his answer as a limited notice of appearance, and for an order of reference. The defendant opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated August 30, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, to treat his answer as a limited notice of appearance, and for an order of reference, and denied the defendant's cross motion. In a second order, also dated August 30, 2019, the court, inter alia, granted the same relief to the plaintiff, denied the same relief to the defendant, and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
"'[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition. Alternatively, the plaintiff bears the burden of establishing, prima facie, that RPAPL 1304 is inapplicable, as the loan is not subject to the notice requirements set forth in RPAPL 1304'" (JP Morgan Chase v Twersky, 202 AD3d 769, 770, quoting U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 985). RPAPL 1304(1) provides that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower or borrowers . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." Pursuant to RPAPL 1304(2), the required notices "shall be sent by such lender, assignee (including purchasing investor) or mortgage loan servicer to the borrower, by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." Further, a "home loan" is defined as a loan, inter alia, that is secured by a mortgage on real estate "which is or will be occupied by the borrower as the borrower's principal dwelling" (id. § 1304[6][a][1][iii]; see MLB Sub I, LLC v Mathew, 202 AD3d 1078, 1079-1080; U.S. Bank N.A. v Shereshevsky, 198 AD3d 1000, 1001).
Here, the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304. The affidavit submitted in support of the motion failed to aver that the subject 90-day notice was sent to the defendant at the mortgaged premises, and the 90-day notice the plaintiff submitted in support of its motion was addressed to the defendant at a different address than that of the mortgaged premises. While the plaintiff submitted an additional affidavit and 90-day notice in reply, a party "generally cannot meet its prima facie burden by submitting evidence for the first time in reply" (Wells Fargo Bank, N.A. v Murray, 208 AD3d 924, 927; see U.S. Bank N.A. v Hammer, 192 AD3d 846, 849). Thus, the plaintiff failed to establish its compliance with RPAPL 1304.
Contrary to the Supreme Court's determination, the plaintiff also failed to establish that, pursuant to RPAPL 1304, the subject mortgage loan no longer qualified as a "home loan" because two years after taking the loan the defendant separated from his wife and moved from the mortgaged premises. The fact that the borrower no longer occupies the residence as his or her principal dwelling does not relieve the plaintiff of the obligation to send an RPAPL 1304 notice prior to commencing the foreclosure action (see Nationstar Mtge., LLC v Jong Sim, 197 AD3d 1178).
Accordingly, as the plaintiff failed to establish its compliance with RPAPL 1304 and further failed to establish that RPAPL 1304 does not apply to the subject loan, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, to treat his answer as a limited notice of appearance, and for an order of reference (see JP Morgan Chase v Twersky, 202 AD3d at 770; see U.S. Bank Trust, N.A. v Sadique, 178 AD3d at 985).
The defendant's remaining contentions are either without merit or raised for the first [*2]time on appeal and not properly before this Court.
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court