Wall St. Mtge. Bankers, Ltd. v Berquin (2023 NY Slip Op 01025)

Wall St. Mtge. Bankers, Ltd. v Berquin

2023 NY Slip Op 01025

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-12998 
2019-12999
 (Index No. 507882/14)

[*1]Wall Street Mortgage Bankers, Ltd., etc., respondent,
v
Jude Berquin, appellant, et al., defendants.

Berg & David, PLLC, Brooklyn, NY (N. Dean Boyer and Abraham David of counsel), for appellant.
Friedman Vartolo, LLP, New York, NY (Oran Schwager and Zachary Gold of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jude Berquin appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated September 17, 2019. The first order dated September 17, 2019, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to reargue and renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Jude Berquin, to strike that defendant's answer, and for an order of reference, which had been denied in an order of the same court dated March 27, 2018, upon renewal and reargument, in effect, vacated the determination in the order dated March 27, 2018, denying those branches of the plaintiff's prior motion, and thereupon granted those branches of the plaintiff's prior motion, and denied that defendant's cross-motion for leave to amend his answer. The second order dated September 17, 2019, insofar as appealed from, in effect, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the first order dated September 17, 2019, is modified, on the law, (1) by deleting the provision thereof, upon renewal and reargument, in effect, vacating the determination in the order dated March 27, 2018, denying those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Jude Berquin, to strike that defendant's answer, and for an order of reference, and thereupon granting those branches of the plaintiff's prior motion, and substituting therefor a provision, upon renewal and reargument, adhering to the determination in the order dated March 27, 2018, denying those branches of the plaintiff's prior motion, and (2) by deleting the provision thereof denying that branch of the cross-motion of the defendant Jude Berquin which was for leave to amend his answer to assert an affirmative defense alleging lack of compliance with a condition precedent in the mortgage agreement requiring a notice of default, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the first order dated September 17, 2019, is affirmed insofar as appealed from, and so much of the second order dated September 17, 2019, as, in effect, upon renewal and reargument, in effect, vacated the determination in the order dated March 27, 2018, denying those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Jude Berquin, to strike that defendant's answer, [*2]and for an order of reference, and thereupon granted those branches of the plaintiff's prior motion and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from so much of the second order dated September 17, 2019, as, in effect, upon renewal and reargument, in effect, vacated the determination in the order dated March 27, 2018, denying those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Jude Berquin, to strike that defendant's answer, and for an order of reference, and thereupon granted those branches of the plaintiff's prior motion and appointed a referee to compute the amount due to the plaintiff is dismissed as academic in light of our determination on the appeal from the first order dated September 17, 2019; and it is further,
ORDERED that the second order dated September 17, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Jude Berquin.
The plaintiff commenced this action to foreclose a mortgage on real property owned by the defendant Jude Berquin (hereinafter the defendant). Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant cross-moved, among other things, to dismiss the complaint insofar as asserted against him for failure to comply with RPAPL 1304. In an order dated March 27, 2018, the Supreme Court, inter alia, denied those branches of the plaintiff's motion and the defendant's cross-motion, finding, among other things, that there were questions of fact as to the applicability of RPAPL 1304 to this action.
Thereafter, the plaintiff moved, inter alia, for leave to reargue and renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, and the defendant cross-moved for leave to amend his answer to assert, among other things, an affirmative defense alleging lack of compliance with a condition precedent in the mortgage agreement requiring a notice of default. In a first order dated September 17, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to reargue and renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, upon renewal and reargument, in effect, vacated the determination in the order dated March 27, 2018, denying those branches of the plaintiff's prior motion, and thereupon granted those branches of the plaintiff's prior motion, and denied the defendant's cross-motion for leave to amend his answer. In a second order, also dated September 17, 2019, the court, inter alia, in effect, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
"RPAPL 1304 requires that, at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in the statute, such lender, assignee, or mortgage loan servicer give notice to the borrower. The statute provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Federal Natl. Mtge. Assn. v Young, 207 AD3d 442, 443; see RPAPL 1304[1], [2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see Bank of N.Y. Mellon v Porfert, 187 AD3d 1110, 1112; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937), "and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Bank of N.Y. Mellon v Porfert, 187 AD3d at 1112). "'Alternatively, the plaintiff bears the burden of establishing, prima facie, that RPAPL 1304 is inapplicable, as the loan is not subject to the notice requirements set forth in RPAPL 1304'" (JP Morgan Chase v Twersky, 202 AD3d 769, 770, quoting U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 985). "'Home loan' is defined as a loan, inter alia, that is secured by a mortgage on real estate 'which is or will be occupied by the borrower as the borrower's principal dwelling'" (MLB Sub I, [*3]LLC v Mathew, 202 AD3d 1078, 1080, quoting RPAPL 1304[6][a][1][iii]; see L 2009, ch 507, § 1-a [eff Jan. 14, 2010]; U.S. Bank N.A. v Shereshevsky, 198 AD3d 1000, 1001; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824-825).
Here, upon renewal and reargument, the plaintiff established, prima facie, that the notice requirement of RPAPL 1304 was inapplicable, as the subject loan was not a "home loan" within the meaning of RPAPL 1304. The plaintiff demonstrated that the property being foreclosed on was not the defendant's principal dwelling by submitting evidence that the defendant did not reside at the property at the time the mortgage agreement was signed and that the "1-4 Family Rider" to the mortgage agreement deleted the occupancy-by-borrower requirement in the mortgage agreement (see MLB Sub I, LLC v Mathew, 202 AD3d at 1080; HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 824-825). In opposition, the defendant failed to raise a triable issue of fact.
Nevertheless, the Supreme Court should not have, upon renewal and reargument, in effect, vacated the determination in the March 27, 2018 order denying those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, and thereupon granted those branches of the plaintiff's prior motion, and should not have denied that branch of the defendant's cross-motion which was for leave to amend his answer to assert an affirmative defense alleging lack of compliance with the condition precedent in the mortgage agreement requiring a notice of default. In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411). Lateness alone is not a barrier to the amendment (see Deutsche Bank Natl. Trust Co. v Kreitzer, 203 AD3d 800, 803; Moran Enters., Inc. v Hurst, 160 AD3d 638, 639; Carducci v Bensimon, 115 AD3d 694, 695). "'It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine'" (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959, quoting David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:5 at 477 [1975 ed]). Moreover, although a defense is generally waived under CPLR 3211(e) where not raised in an answer or made the subject of a motion to dismiss, it can be interposed in an answer amended by leave of court pursuant to CPLR 3025(b) (see Bank of N.Y. Mellon v Aquino, 131 AD3d 1186, 1187; Aurora Loan Servs., LLC v Dimura, 104 AD3d 796, 797; U.S. Bank, N.A. v Sharif, 89 AD3d 723, 724; Complete Mgt., Inc. v Rubenstein, 74 AD3d 722, 723). Here, the plaintiff failed to demonstrate that granting leave to the defendant to amend his answer to add an affirmative defense alleging lack of compliance with the condition precedent in the mortgage agreement requiring a notice of default would have resulted in prejudice or surprise, and this amendment was neither palpably insufficient nor patently devoid of merit. In addition, the plaintiff failed to establish, prima facie, that it complied with the notice of default provision in the mortgage agreement. Accordingly, the court should have, upon renewal and reargument, adhered to the determination in the March 27, 2018 order denying those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court