U.S. Bank N.A. v Reddy (2023 NY Slip Op 05417)

U.S. Bank N.A. v Reddy

2023 NY Slip Op 05417

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2019-11833
2019-11835
 (Index No. 605781/17)

[*1]U.S. Bank National Association, etc., respondent,
v
James D. Reddy, et al., appellants, et al., defendant.

Charles Wallshein Esq., PLLC, Melville, NY, for appellants.
Goodwin Procter LLP, New York, NY (Allison J. Schoenthal and Richard A. Sillett of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants James D. Reddy, Donna D'Amato, and Christopher Reddy, sued herein as John Doe, appeal from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated August 15, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants James D. Reddy, Donna D'Amato, and Christopher Reddy, sued herein as John Doe, to dismiss those defendants' answer and first counterclaim alleging breach of contract, and for an order of reference, and denied those branches of those defendants' cross-motion which were for summary judgment dismissing the complaint insofar as asserted against them and on the issue of liability on their first counterclaim alleging breach of contract, and for an award of attorneys' fees pursuant to Real Property Law § 282. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants James D. Reddy, Donna D'Amato, and Christopher Reddy, sued herein as John Doe, to dismiss those defendants' answer except with respect to the affirmative defense alleging lack of standing, and for an order of reference, and substituting therefor provisions denying those branches of the motion, and (2) by deleting the provision thereof denying that branch of the cross-motion of the defendants James D. Reddy, Donna D'Amato, and Christopher Reddy, sued herein as John Doe, which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the first order is affirmed insofar as appealed from, so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants James D. Reddy, Donna D'Amato, and Christopher Reddy, sued herein as John Doe, to dismiss those defendants' answer except with respect to the affirmative defense alleging lack of standing, and for an order of reference, and appointed a referee to ascertain and compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants James D. Reddy, Donna D'Amato, and Christopher Reddy, sued herein as John Doe, to dismiss those defendants' answer except with respect to the affirmative defense alleging lack of standing, and for an order of reference, and appointed a referee to ascertain and compute the amount due to the plaintiff is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that the second order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants James D. Reddy, Donna D'Amato, and Christopher Reddy, sued herein as John Doe.
On December 15, 2006, the defendants James D. Reddy and Donna D'Amato (hereinafter together the borrowers) executed a note in the sum of $452,000 in favor of Wells Fargo Bank, N.A. (hereinafter Wells Fargo). The note was secured by a mortgage on residential property located in Lindenhurst (hereinafter the premises).
In February 2014, the plaintiff, successor in interest to Wells Fargo, commenced an action against the borrowers, among others, to foreclose the mortgage. By order dated December 21, 2015, the Supreme Court, inter alia, granted the plaintiff's motion to discontinue the action.
On March 30, 2017, the plaintiff commenced the instant action to foreclose the mortgage. The borrowers, along with their son, Christopher Reddy, as a "John Doe" defendant (hereinafter collectively the defendants), interposed an answer in which they asserted various affirmative defenses, including that the plaintiff lacked standing. The defendants also asserted several counterclaims, including a first counterclaim alleging breach of contract based on the plaintiff's alleged breach of a "moratorium" agreement pursuant to which the borrowers' obligation to make the monthly mortgage payments due under the subject mortgage loan was suspended for a period of time after Superstorm Sandy occurred on October 29, 2012. The plaintiff served a reply to the counterclaims.
In February 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to dismiss the defendants' answer and first counterclaim, and for an order of reference. The defendants cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them and on the issue of liability on their first counterclaim, and for an award of attorneys' fees pursuant to Real Property Law § 282.
The Supreme Court, inter alia, granted those branches of the plaintiff's motion, denied those branches of the defendants' cross-motion, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The defendants appeal.
Contrary to the defendants' contention, the plaintiff established, prima facie, its standing to commence the action by submitting, in support of its motion, a copy of the note, endorsed in blank, that was annexed to the complaint when it commenced the action (see U.S. Bank N.A. v Lloyd-Lewis, 205 AD3d 838, 839; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1241). In opposition, the defendants failed to raise a triable issue of fact.
"'[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition. Alternatively, the plaintiff bears the burden of establishing, prima facie, that RPAPL 1304 is inapplicable, as the loan is not subject to the notice requirements set forth in RPAPL 1304'" (JP Morgan Chase v Twersky, 202 AD3d 769, 770, quoting U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 985; see Wells Fargo Bank, N.A. v Rodriguez, 210 AD3d 728, 730). RPAPL 1304(1) provides that "with regard to a home loan, at least ninety days [*2]before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." Pursuant to RPAPL 1304(2), the required notices "shall be sent by such lender, assignee (including purchasing investor) or mortgage loan servicer to the borrower, by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." Further, a "home loan" is defined as a loan, inter alia, that is secured by a mortgage on real estate "which is or will be occupied by the borrower as the borrower's principal dwelling" (id. § 1304[6][a][1][iii]; see MLB Sub I, LLC v Mathew, 202 AD3d 1078, 1080; U.S. Bank N.A. v Shereshevsky, 198 AD3d 1000, 1001).
Contrary to its contention, the plaintiff failed to establish, prima facie, that the subject loan was not a "home loan" and, thus, was not subject to the notice requirements of RPAPL 1304. In the uniform residential application for the loan, submitted by the plaintiff in support of its motion, the borrowers indicated that they intended to occupy the premises as their primary residence. Moreover, although the borrowers admitted that they each moved out of the premises and resided elsewhere for a period of time beginning in 2014, the fact that a borrower no longer occupies the premises as his or her principal dwelling does not relieve the plaintiff of the obligation to send RPAPL 1304 notice prior to commencing a foreclosure action (see Wells Fargo Bank, N.A. v Rodriguez, 210 AD3d at 731; Nationstar Mtge., LLC v Jong Sim, 197 AD3d 1178, 1180).
The plaintiff also failed to demonstrate, prima facie, its compliance with RPAPL 1304, in that it failed to establish proof of the requisite mailing. The affidavit of Sarah Stonehocker, a vice president of loan documentation for Wells Fargo, the plaintiff's loan servicer, was insufficient to establish that the notice was sent to the borrowers in the manner required by RPAPL 1304. Stonehocker averred that she had personal knowledge of Wells Fargo's record-keeping practices and procedures, but she did not attest to having personal knowledge of the record-keeping practices and standard office mailing procedures of Walz Facility (hereinafter Walz), the entity, that according to tracking information printouts, mailed the RPAPL 1304 notices (see U.S. Bank N.A. v Adams, 202 AD3d 867, 869; Heartwood 2, LLC v DeBrosse, 197 AD3d 1152, 1153; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209). Nor did she attest that Walz's records were incorporated into Wells Fargo's own records or routinely relied upon in its business (see U.S. Bank N.A. v Adams, 202 AD3d at 869; Heartwood 2, LLC v DeBrosse, 197 AD3d at 1153). Thus, Stonehocker's affidavit failed to establish "proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (U.S. Bank N.A. v Adams, 202 AD3d at 869 [internal quotation marks omitted]; see Heartwood 2, LLC v DeBrosse, 197 AD3d at 1153).
Moreover, the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304 since it failed to demonstrate that it sent an individually addressed RPAPL 1304 notice to each borrower, as required by the statute (see U.S. Bank N.A. v Krakoff, 199 AD3d 859, 863; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 134; see also HSBC Bank USA, N.A. v DiBenedetti, 205 AD3d 687, 690; Deutsche Bank Natl. Trust Co. v Loayza, 204 AD3d 753, 755). Although this issue is raised for the first time on appeal, it may be reached as it involves a question of law that appears on the face of the record and could not have been avoided if brought to the court's attention at the proper juncture (see Bank of N.Y. Mellon v Greene, 210 AD3d 1042, 1044; Wells Fargo Bank, N.A. v Davidson, 202 AD3d 880, 882). The record shows that the RPAPL 1304 notice sent to the borrowers was jointly addressed to both of them. For the same reason, the defendants were entitled to summary judgment dismissing the complaint insofar as asserted against them (see Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d at 134; Deutsche Bank Natl. Trust Co. v Loayza, 204 AD3d at 755).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to dismiss their answer except with respect to the affirmative defense alleging lack of standing, and for an order of reference, and granted that branch of the defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them.
However, the borrowers are not entitled to an award of attorneys' fees pursuant to Real Property Law § 282, as they have not established that they are a "prevailing party" within the meaning of that statute (Bank of Am., N.A. v Destino, 138 AD3d 654, 655; see generally Matter of J.P. & Assoc. Props. Corp. v Krautter, 128 AD3d 963, 964).
Moreover, contrary to the defendants' contention, they failed to establish prima facie entitlement to summary judgment on the issue of liability on their first counterclaim alleging breach of contract. To establish prima facie entitlement to judgment as a matter of law on a cause of action alleging breach of contract, a party is required to demonstrate the existence of a contract, the party's performance under the contract, the other party's breach of the contract, and that the party suffered harm as a result (see Sammy v First Am. Tit. Ins. Co., 205 AD3d 949, 957). "'To establish the existence of an enforceable agreement,' there must be 'an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound'" (Matter of Civil Serv. Empls. Assn., Inc. v Baldwin Union Free School Dist., 84 AD3d 1232, 1233-1234, quoting Kowalchuk v Stroup, 61 AD3d 118, 121). The consideration necessary to support a contract claim can consist of either a benefit to the promisor or a detriment to the promisee (see Dee v Rakower, 112 AD3d 204, 210; Halliwell v Gordon, 61 AD3d 932, 933). "[F]orbearance to do an act that a person has a legal right to do constitutes consideration" (Halliwell v Gordon, 61 AD3d at 934; see Dee v Rakower, 112 AD3d at 210; Venables v Sagona, 85 AD3d 904, 905).
Here, the defendants failed to demonstrate the existence of an enforceable contract, as the evidence failed to show that any consideration was given in exchange for the plaintiff's offer pursuant to a "disaster moratorium," to suspend monthly payments on the subject mortgage loan for a certain period of time, not to report the borrowers to credit reporting agencies as delinquent for failing to make payments during the moratorium period, and to defer the accrued loan payments to the end of the loan period (see Loft Rest. Assoc. v McDonagh, 209 AD2d 482, 483). Moreover, under the circumstances, the record does not support any other basis to grant the defendants the relief requested (see Swerdloff v Mobil Oil Corp., 74 AD2d 258, 261). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to dismiss the defendants' first counterclaim and denied that branch of the defendants' cross-motion which was for summary judgment on the issue of liability on their first counterclaim.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court