U.S. Bank N.A. v Simmons (2024 NY Slip Op 04222)

U.S. Bank N.A. v Simmons

2024 NY Slip Op 04222

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2020-07066 
2020-07067
 (Index No. 606543/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Davie Simmons, etc., appellant, et al., defendants.

Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Stradley Ronon Stevens & Young, LLP, New York, NY (Jacqueline M. Aiello of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Davie Simmons appeals from two orders of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), both dated August 31, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer and affirmative defenses, and for an order of reference. The second order, insofar as appealed from, granted the same relief, struck that defendant's answer and affirmative defenses, and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On August 18, 2005, the defendant Davie Simmons (hereinafter the defendant), executed a note that was secured by a mortgage on property located in Bridgehampton. In April 2016, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. After the defendant interposed an answer to the complaint, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference. The defendant opposed the motion. By order dated August 31, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion. By another order issued on the same date, the court, inter alia, granted the same relief, struck the defendant's answer and affirmative defenses, and appointed a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304(1) provides that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Home loan" is defined as a loan, among other things, that is secured by a mortgage on real estate "which is or will be occupied by the borrower as the borrower's principal dwelling" (id. § 1304[6][a][1][iii]).
Here, the plaintiff established, prima facie, that the notice requirement of RPAPL [*2]1304 was inapplicable, as the subject loan was not a "home loan" within the meaning of RPAPL 1304 (see Wall St. Mtge. Bankers, Ltd. v Berquin, 213 AD3d 972, 975; MLB Sub I, LLC v Mathew, 202 AD3d 1078, 1080). The record reflects that the defendant executed a second home rider as an addendum to the mortgage encumbering the property, which provided that he would occupy and use the property only as a second home (see U.S. Bank N.A. v Shereshevsky, 198 AD3d 1000, 1001). Contrary to the defendant's contention, although this issue was not raised before the Supreme Court and is being raised for the first time on appeal, "the specific contention that this mortgage loan was not a 'home loan' for purposes of RPAPL 1304 may be reached because it involves a question of law that is apparent on the face of this record and could not have been avoided by the court if it had been brought to its attention" (HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824).
Contrary to the defendant's further contention, the plaintiff established, prima facie, that it had standing to foreclose by attaching a copy of the note endorsed in blank to the summons and complaint when the action was commenced (see U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d 995, 998).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.

2020-07066 DECISION & ORDER ON MOTION
2020-07067
U.S. Bank National Association, etc., respondent,
v Davie Simmons, etc., appellant, et al., defendants.
(Index No. 606543/16)

Appeals from two orders of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), both dated August 31, 2020. Motion by the appellant, inter alia, to strike stated portions of the respondent's brief on the ground that they improperly raise an argument for the first time on appeal. By decision and order on motion of this Court dated April 2, 2021, that branch of the motion which is to strike stated portions of the respondent's brief was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to strike stated portions of the respondent's brief is denied.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court