Deutsche Bank Natl. Trust Co. v Mone (2025 NY Slip Op 06984)

Deutsche Bank Natl. Trust Co. v Mone

2025 NY Slip Op 06984

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2022-08283
 (Index No. 1604/16)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
James F. Mone, etc., appellant, et al., defendants.

John J. Caracciolo, East Northport, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Thomas M. Zegarelli of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant James F. Mone appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (David P. Sullivan, J.), entered July 20, 2022. The order and judgment of foreclosure and sale, insofar as appealed from, upon two orders of the same court entered April 9, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer and affirmative defenses, and for an order of reference, and upon an order of the same court also entered July 20, 2022, among other things, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendant James F. Mone (hereinafter the defendant) to foreclose a mortgage encumbering certain real property located in Garden City. The defendant interposed an answer asserting various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. The defendant opposed the motion. In an order entered April 9, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. In a second order also entered April 9, 2018, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. In an order entered July 20, 2022, the Supreme Court, inter alia, granted the plaintiff's motion. In an order and judgment of foreclosure and sale also entered July 20, 2022, the court, among other things, granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
The defendant's contention that the plaintiff's submissions in support of its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference failed to demonstrate its strict compliance with the service requirements of RPAPL 1304 is improperly raised for the first time on appeal (see Bank of N.Y. Mellon v Glasgow, 206 AD3d 790, 790; Bank of Am., N.A. v Montagnese, 198 AD3d 850, 852).
Contrary to our dissenting colleague's contention, this issue does not involve a pure question of law that appears on the face of the record and could not have been avoided if brought to the Supreme Court's attention (see Bank of Am., N.A. v Montagnese, 198 AD3d at 852). The cases relied upon by the dissent are distinguishable. In Deutsche Bank Natl. Trust Co. v Dagrin (233 AD3d 1065), the issue therein that was raised for the first time on appeal did not involve strict compliance with the service requirements of RPAPL 1304. In HSBC Bank USA, N.A. v Ozcan (154 AD3d 822), this Court held that "the specific contention that th[e] mortgage loan was not a 'home loan' for purposes of RPAPL 1304 may be reached because it involve[d] a question of law that is apparent on the face of th[e] record and could not have been avoided by the court if it had been brought to its attention" (HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 824). The issue of whether the mortgage is a "home loan" under RPAPL 1304 is not raised in this action. Moreover, in Ozcan, this Court further held that that issue was distinguishable from the issue of whether a plaintiff failed to demonstrate its strict compliance with the service requirements of RPAPL 1304, which is not reviewable when raised for the first time on appeal (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 824-825; see also Bank of Am., N.A. v Joerger, 231 AD3d 914, 915; cf. PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704).
The defendant's contention regarding RPAPL 1301(3) is also improperly raised for the first time on appeal (see South Point, Inc. v John, 230 AD3d 825, 827).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., LOVE and HOM, JJ., concur.
WOOTEN, J., dissents, and votes to reverse the order and judgment of foreclosure and sale insofar as appealed from, on the law, deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant James F. Mone, to strike that defendant's answer and affirmative defenses, and for an order of reference, deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and modify the orders entered April 9, 2018, and July 20, 2022, accordingly, with the following memorandum:
I respectfully disagree with my colleagues in the majority that the contention of the defendant James F. Mone (hereinafter the defendant) that the plaintiff failed to make a prima facie showing of its strict compliance with RPAPL 1304 is improperly raised for the first time on appeal. In my view, that issue is reviewable, and the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law by demonstrating its strict compliance with RPAPL 1304.
"'[W]here, as here, the plaintiff in a residential foreclosure action alleges in its complaint that it has served a RPAPL 1304 notice on the borrowers, the plaintiff must, in support of a motion for summary judgment, prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304'" (Lakeview Loan Servicing, LLC v Swanson, 231 AD3d 801, 803, quoting Zarabi v Movahedian, 136 AD3d 895, 895). Similarly, "'where, as here, a defendant raises the issue of compliance with RPAPL 1304 as an affirmative defense, the [plaintiff] is also required to make a prima facie showing of strict compliance with RPAPL 1304'" (Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236, quoting Bank of Am., N.A. v Bittle, 168 AD3d 656, 657). Further, "'[s]trict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action'" and, therefore, the plaintiff bears the burden of either "'establishing [*2]satisfaction of this condition'" (U.S. Bank N.A. v Nahum, 232 AD3d 715, 716, quoting Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d 1109, 1110) or, in the alternative, "'establishing . . . that RPAPL 1304 is inapplicable'" (Wells Fargo Bank, N.A. v Rodriguez, 210 AD3d 728, 730 [internal quotation marks omitted], quoting JP Morgan Chase v Twersky, 202 AD3d 769, 770).
Here, the plaintiff alleged its compliance with RPAPL 1304 in the complaint, and in his answer, the defendant alleged noncompliance with RPAPL 1304. Moreover, in an affirmation submitted in support of the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference, the plaintiff's attorney specifically argued that the plaintiff complied with RPAPL 1304. In support of its motion, the plaintiff submitted, among other things, an affidavit of mailing of Cynthia Wallace, an employee of the plaintiff's loan servicer, Specialized Loan Servicing, LLC (hereinafter SLS), wherein Wallace attested that a 90-day pre-foreclosure notice was sent by first-class and certified mailings to the defendant at the address of the subject property, purportedly in compliance with RPAPL 1304. In addition, the plaintiff submitted an affidavit of Nicholas J. Raab, an employee of SLS, who also averred that the plaintiff sent the defendant a 90-day pre-foreclosure notice by certified and first-class mail in accordance with RPAPL 1304.
Consequently, although the defendant's affirmation submitted in opposition to the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference did not specifically address the plaintiff's compliance with RPAPL 1304, the issue of the plaintiff's compliance with RPAPL 1304 was "squarely before the court" (HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825). After the defendant asserted an affirmative defense alleging noncompliance with RPAPL 1304 in his answer, the plaintiff affirmatively sought to prove its compliance therewith by submitting the affidavits of Wallace and Raab attesting to the plaintiff's compliance with the mailing requirements of RPAPL 1304. Thus, the issue of whether those submissions were sufficient to satisfy the plaintiff's prima facie burden was before the Supreme Court on the plaintiff's motion. In an order entered April 9, 2018, granting the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference, the court determined, inter alia, that "plaintiff has established . . . compliance with RPAPL 1304." Accordingly, the plaintiff's compliance with RPAPL 1304 was at issue before and determined by the court, and, therefore, is reviewable on appeal (see Hoffman v City of New York, 301 AD2d 573, 574).
In any event, notwithstanding the defendant's failure to specifically address the plaintiff's compliance with RPAPL 1304 in his opposition papers, the issue of whether the plaintiff established, prima facie, its compliance with RPAPL 1304 presents "a pure question of law appearing on the face of the record that could not have been avoided if raised at the proper juncture" (Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1071). Here, as expected of a party seeking summary judgment, the plaintiff laid bare its proof in its motion papers (see Caliber Home Loans, Inc. v Weinstein, 197 AD3d at 1237), including the submission of the affidavits of Wallace and Raab, in which they attested to the plaintiff's compliance with the mailing requirements of RPAPL 1304. Notably, where, as here, the defendant raised the plaintiff's noncompliance with RPAPL 1304 in his or her answer, the plaintiff could not have established, prima facie, its compliance with RPAPL 1304 by submitting any new evidence for the first time in reply papers (see Wells Fargo Bank, N.A. v Murray, 208 AD3d 924, 927; cf. U.S. Bank Trust, N.A. v Chiramannil, 205 AD3d 966, 967-968). Thus, the issue of whether the plaintiff's evidentiary submissions were sufficient to satisfy its prima facie burden presented a pure question of law appearing on the face of the record, which was dependent upon the plaintiff's submissions in support of its motion. To the extent this Court has held otherwise, I submit that those decisions should no longer be followed.
Furthermore, contrary to the plaintiff's contention, it failed to demonstrate, prima facie, its strict compliance with RPAPL 1304. Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." [*3]"'RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage'" (Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d at 1110, quoting Caliber Home Loans, Inc. v Weinstein, 197 AD3d at 1236). "A plaintiff demonstrates its compliance with the statute 'by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
Here, the plaintiff's submission of the affidavits of Wallace and Raab was insufficient to establish, prima facie, the plaintiff's strict compliance with RPAPL 1304. Although the affiants stated that the 90-day notice was mailed to the defendant by certified and first-class mail, neither of the affiants attested to having personally mailed the notice, nor that they had personal knowledge of a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see JPMorgan Chase Bank, N.A. v Bonilla, 227 AD3d 788, 789; Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d 1030, 1032-1033). Further, while Wallace attested that, according to her review of business records associated with the subject loan, copies of the 90-day notice were sent to the defendant by certified and first-class mail, she failed to attach copies of the business records upon which she relied (see U.S. Bank N.A. v McQueen, 221 AD3d 1049, 1051; U.S. Bank Trust, N.A. v Smith, 217 AD3d 899, 900). "'[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted'" (Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d at 1033, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205). Thus, without the business records proving the matter asserted, Wallace's "'unsubstantiated and conclusory' statement, by itself, was insufficient to establish that the RPAPL 1304 notice was mailed to the defendant by [certified and] first-class mail" (Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d at 1033, quoting Wells Fargo Bank, N.A. v Moran, 168 AD3d 1128, 1129). Moreover, the plaintiff failed to attach domestic return receipts or other evidence to demonstrate the actual mailings of the 90-day notice by certified mail or first-class mail (see U.S. Bank N.A. v McQueen, 221 AD3d at 1051). Accordingly, the plaintiff failed to establish, prima facie, that the mailing of the 90-day notices actually occurred.
Since the plaintiff failed to satisfy its prima facie burden, it is not necessary to consider whether the defendant, in opposition, raised a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, I vote to reverse the order and judgment of foreclosure and sale insofar as appealed from, deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference, deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and modify the orders entered April 9, 2018, and July 20, 2022, accordingly.
ENTER:
Darrell M. Joseph
Clerk of the Court