Deutsche Bank Natl. Trust Co. v Loayza (2022 NY Slip Op 02392)

Deutsche Bank Natl. Trust Co. v Loayza

2022 NY Slip Op 02392

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-04037 
2019-04038
 (Index No. 15356/13)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Ricardo M. Loayza, et al., appellants, et al., defendant.

R. David Marquez, P.C., Mineola, NY, for appellants.
Greenberg Traurig, LLP, New York, NY (Marissa Banez of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Ricardo M. Loayza and Aby Montanez appeal from (1) a decision of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 20, 2018, and (2) an order of the same court entered December 20, 2018. The order, insofar as appealed from, upon the decision, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer and affirmative defenses, and for an order of reference, and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Ricardo M. Loayza and Aby Montanez, to strike those defendants' answer and affirmative defenses, and for an order of reference are denied, and the cross motion of the defendants Ricardo M. Loayza and Aby Montanez for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants Ricardo M. Loayza and Aby Montanez.
In December 2013, the plaintiff commenced this action against the defendants Ricardo M. Loayza and Aby Montanez (hereinafter together the defendants), among others, to foreclose a mortgage on residential property in Baldwin. The defendants interposed an answer asserting, inter alia, an affirmative defense that the plaintiff failed to comply with the notice requirements of RPAPL 1304.
In June 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment [*2]dismissing the complaint insofar as asserted against them on the ground that the plaintiff failed to comply with the notice requirements of RPAPL 1304. In an order entered December 20, 2018, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The defendants appeal. We reverse.
RPAPL 1304 requires that, at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in the statute, such lender, assignee, or mortgage loan servicer give notice to the borrower. The statute provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see id. § 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see Bank of N.Y. Mellon v Porfert, 187 AD3d 1110, 1112; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937), "and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106).
Here, the plaintiff failed to establish its strict compliance with RPAPL 1304. Although the plaintiff demonstrated that it mailed the RPAPL 1304 notice to the defendants by both certified and first-class mail (see Ocwen Loan Servicing LLC v Siame, 185 AD3d 408, 409), and that the contents of the notice complied with RPAPL 1304(1), the plaintiff failed to establish that it sent a 90-day notice individually addressed to each defendant in separate envelopes, as required by the statute (see Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126). Instead, as the plaintiff concedes, the notice was mailed in a single envelope jointly to both defendants.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, and for an order of reference, and granted the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.
DUFFY, J.P., IANNACCI and FORD, JJ., concur.
MALTESE, J., concurs in the result, and votes to dismiss the appeal from the decision and reverse the order insofar as appealed from, on the law, deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Ricardo M. Loayza and Aby Montanez, to strike those defendants' answer and affirmative defenses, and for an order of reference, and to grant the cross motion of the defendants Ricardo M. Loayza and Aby Montanez for summary judgment dismissing the complaint insofar as asserted against them, with the following memorandum:
This Court's recent precedent in Wells Fargo Bank, N.A. v Yapkowitz (199 AD3d 126) compels reversal of the order insofar as appealed from. As the plaintiff has conceded, the RPAPL 1304 notice was mailed jointly to the defendants Ricardo M. Loayza and Aby Montanez in a single envelope. Therefore, I concur in the result on constraint of this Court's precedent in Wells Fargo Bank, N.A. v Yapkowitz.
I write separately to express my view that, as set forth by Justice Mark C. Dillon in his partial dissent from that opinion, a plaintiff that mails the required statutory notice to co-borrowers in one envelope addressed jointly to both borrowers has satisfied RPAPL 1304. Here, this was the manner in which all correspondence had been sent to the co-borrowers. The express language of RPAPL 1304 and its legislative history support this interpretation, and this Court's precedent in Aurora Loan Servs., LLC v Weisblum (85 AD3d 95) is distinguishable because there, the notice was addressed to only one of the two borrowers (see Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d at 137-145 [Dillon, J., concurring in part and dissenting in part]). In Wells Fargo Bank, N.A. v Yapkowitz, our Court has created a standard greater than that required by RPAPL 1304, which is contrary to the manner in which similar notices are sent to co-borrowers residing in the same premises.
Therefore, I concur in the result only on constraint in light of this Court's precedent in Wells Fargo Bank, N.A. v Yapkowitz (199 AD3d 126).
ENTER:
Maria T. Fasulo
Clerk of the Court