HSBC Bank USA, N.A. v Schneider (2023 NY Slip Op 02869)

HSBC Bank USA, N.A. v Schneider

2023 NY Slip Op 02869

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2020-06124
 (Index No. 3282/13)

[*1]HSBC Bank USA, N.A., respondent, 
v
Paul Schneider, et al., appellants, et al., defendants.

Charles Wallshein Esq. PLLC, Melville, NY, for appellants.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (John Brigandi of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Paul Schneider and Marci Schneider appeal from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated January 22, 2020. The order, insofar as appealed from, denied those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross-motion of the defendants Paul Schneider and Marci Schneider for summary judgment dismissing the complaint insofar as asserted against them is granted.
In January 2013, the plaintiff commenced this action against the defendants Paul Schneider and Marci Schneider (hereinafter together the defendants), among others, to foreclose a mortgage on certain property located in Melville. After the defendants interposed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff failed to comply with RPAPL 1304. In an order dated January 22, 2020, the Supreme Court, among other things, denied the defendants' cross-motion. The defendants appeal.
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937).
Here, the defendants established, prima facie, that the plaintiff did not comply with RPAPL 1304, since the 90-day notice was jointly addressed to both of the defendants (see Deutsche [*2]Bank Natl. Trust Co. v Loayza, 204 AD3d 753, 755; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 134). Moreover, while the plaintiff contends that two identical copies of the notice were included in the mailing, one for each of the defendants, the plaintiff concedes that they were mailed in the same envelope, which was also improper (see Duetsche Bank Natl. Trust Co. v Loayza, 204 AD3d at 755; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d at 134). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them.
BARROS, J.P., RIVERA, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court