Deutsche Bank Natl. Trust Co. v Hennessy (2023 NY Slip Op 03907)

Deutsche Bank Natl. Trust Co. v Hennessy

2023 NY Slip Op 03907

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-08321
2020-08322
 (Index No. 601636/16)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Roman Hennessy, etc., et al., appellants, et al., defendants.

Charles Wallshein, PLLC, Melville, NY, for appellants.
Hinshaw & Culbertson, LLP, New York, NY (Schuyler Kraus of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Roman Hennessy and Alexandra Hennessy appeal from two orders of the Supreme Court, Suffolk County (Michael A. Gajdos, Jr., J.), both dated October 15, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their separate answers and dismiss their affirmative defenses, and for an order of reference, and denied those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Roman Hennessy and Alexandra Hennessy, to strike their separate answers and dismiss their affirmative defenses, and for an order of reference are denied, and those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them is granted.
In February 2016, the plaintiff commenced this action against the defendants Roman Hennessy and Alexandra Hennessy (hereinafter together the defendants), among others, to foreclose a mortgage on certain residential property located in Northport. The defendants interposed separate answers in which they each asserted various affirmative defenses, including failure to comply with RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answers and dismiss their affirmative defenses, and for an order of reference. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground, inter alia, that the plaintiff failed to comply with RPAPL 1304. In an order dated October 15, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the defendants' cross-motion. In a second order, also dated October 15, 2020, the court granted the same relief to the plaintiff and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The defendants appeal.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a [*2]mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304(2) states that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice."
Here, the defendants are both borrowers for purposes of RPAPL 1304 and, thus, were each entitled to RPAPL 1304 notice (see Deutsche Bank Natl. Trust Co. v Weininger, 206 AD3d 882, 883-884; HSBC Bank USA, N.A. v DiBenedetti, 205 AD3d 687, 689). Although both defendants were entitled to RPAPL 1304 notice, the plaintiff failed to establish that it sent a 90-day notice individually addressed to each defendant in separate envelopes, as required by the statute (see Deutsche Bank Natl. Trust Co. v Loayza, 204 AD3d 753, 755; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 134). Rather, as the plaintiff concedes, the notices were mailed in a single envelope jointly to both defendants. Since the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answers and affirmative defenses, and for an order of reference.
Moreover, for the reasons set forth above, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them (see Deutsche Bank Natl. Trust Co. v Weininger, 206 AD3d at 884). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendants' cross-motion to dismiss the complaint insofar as asserted against them.
The defendants' remaining contentions need not be reached in light of our determination.
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court