Deutsche Bank Natl. Trust Co. v Zatari (2023 NY Slip Op 05436)

Deutsche Bank Natl. Trust Co. v Zatari

2023 NY Slip Op 05436

Decided on October 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 26, 2023

CV-22-1945
[*1]Deutsche Bank National Trust Company, as Trustee, Respondent,
v
Margaret Zatari, Also Known as Malgorzata Zatari, et al., Appellants.

Calendar Date:September 5, 2023

Before:Lynch, J.P., Clark, Aarons, Pritzker and Ceresia, JJ.

James Marsico, PLLC, Purchase (Joseph E. Ruyack III of Law Office of Joseph E. Ruyack III, Middletown, of counsel), for appellants.
Aldridge Pite LLP, Melville (Christopher E. Medina of counsel), for respondent.

Pritzker, J.
Appeal from an order of the Supreme Court (Adam W. Silverman, J.), entered July 6, 2022 in Greene County, which granted plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
In 2004, defendant Margaret Zatari executed a note to borrow $148,000 from Security Home Mortgage. Margaret Zatari and defendant Omar Zatari secured the note by a mortgage against real property located in the Town of Hunter, Greene County.[FN1] The note and mortgage were subsequently assigned to plaintiff and the mortgage was later modified by way of a loan modification agreement in December 2008.[FN2] Defendants defaulted on the payment of the mortgage as of August 2012 and failed to make subsequent payments. In September 2017, plaintiff sent 90-day notices of foreclosure to defendants at the property and to their last known address in Stamford, Connecticut. In December 2017, plaintiff commenced the instant foreclosure action. Defendants answered, raising affirmative defenses including that plaintiff failed to comply with the notice provisions of RPAPL 1304. Plaintiff thereafter moved for summary judgment, asserting that it mailed the required notices, and included the notices and an affidavit of mailing as exhibits. Defendants cross-moved for summary judgment. Supreme Court (Fisher, J.) granted plaintiff's motion, finding that defendants had been served with proper notice of foreclosure. The court also ordered, among other things, a referee report computing the amount due to plaintiff.
In January 2022, plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. Defendants answered in February 2022, again asserting as an affirmative defense that plaintiff failed to properly serve defendants with the required 90-day notice under RPAPL 1304. Supreme Court (Silverman, J.) granted plaintiff's motion — confirming the referee's report and granting judgment of foreclosure and sale — and held that defendants could not relitigate the issue of whether plaintiff violated RPAPL 1304 under the law of the case doctrine. Defendants appeal.[FN3]
Initially, Supreme Court did not err in finding that defendants were barred by the law of the case doctrine from relitigating whether plaintiff complied with RPAPL 1304 in opposing plaintiff's second motion for foreclosure and sale (see Gulf Coast Bank & Trust Co. v Virgil Resort Funding Group, Inc., 201 AD3d 1086, 1088 [3d Dept 2022], lvs denied 38 NY3d 909 [2022]; cf. Rosen v Mosby, 148 AD3d 1228, 1233 [3d Dept 2017], lv dismissed 30 NY3d 1037 [2017]). However, given that the first order granting plaintiff's motion for summary judgment is a nonfinal order and is brought up on appellate review of the second order as a final order, this Court is not bound by the law of the case doctrine and we may review the argument and address the merits (see CPLR 5501 [a] [1]; compare MTGLQ Invs., L.P. v Miciotta, 204 AD3d 1119, 1122 n 3 [3d Dept 2022]).
As to the merits, defendants contend that [*2]plaintiff failed to properly serve defendants with the requisite 90-day notice of foreclosure inasmuch as the notices needed to be sent to each defendant individually, rather than in the same envelope. RPAPL 1304 requires that "at least [90] days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304 [1]). Notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage," and "shall be sent . . . in a separate envelope from any other mailing or notice" (RPAPL 1304 [2]; see Flat Rock Mtge. Inv. Trust v Lott, 214 AD3d 1221, 1222 [3d Dept 2023]). "Proper service of the RPAPL 1304 notice containing the statutorily-mandated content is a condition precedent to the commencement of a foreclosure action and the plaintiff's failure to show strict compliance requires dismissal" (TD Bank, N.A. v Leroy, 121 AD3d 1256, 1257 [3d Dept 2014] [internal quotation marks, brackets and citations omitted]).
Although this Court has not passed on the issue of whether joint borrowers can receive notice in the same envelope, the First and Second Departments have (see U.S. Bank N.A. v Maioriello, 207 AD3d 428, 428 [1st Dept 2022]; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 133-136 [2d Dept 2021]). Specifically, the Second Department has interpreted the "separate envelope" requirement set forth in RPAPL 1304 (2) to also mean that notices cannot be sent to more than one borrower in the same envelope, and that each borrower should receive separate notices (see Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d at 133-136). The First Department has since applied this holding (see U.S. Bank N.A. v Maioriello, 207 AD3d at 428). As the Second Department noted, the language of RPAPL 1304 (1) is careful to distinguish a borrower, singular, from borrowers, plural (see Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d at 134). However, RPAPL 1304 (2), which requires that notices be sent in separate envelopes, only discusses "borrower," singular (see Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d at 134; RPAPL 1304 [2]). In that case, the Court also drew attention to the fact that, although it is possible that whichever borrower reads the notice would alert the other borrower of the mailing, this is not always what occurs (see Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d at 135). Accordingly, we now also adopt the holding of the Second Department in Wells Fargo Bank, N.A. Thus, given that the requisite 90-day notices were jointly addressed to both borrowers, plaintiff did not comply with RPAPL 1304 (see U.S. Bank N.A. v Maiorello, 207 AD3d at 428; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d at 134). As such, given that plaintiff failed [*3]to comply with RPAPL 1304, Supreme Court erred in denying defendants' cross-motion for summary judgment dismissing the complaint and granting plaintiff's motion confirming the referee's report and granting the foreclosure and sale of the property.
Lynch, J.P., Clark, Aarons and Ceresia, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, plaintiff's motion denied, defendants' cross-motion granted and complaint dismissed.

Footnotes

Footnote 1: Omar Zatari is not named on the note; however, he is listed as a borrower on the mortgage, and signed the mortgage as such.

Footnote 2: Omar Zatari is also listed as a borrower on the loan modification.

Footnote 3: Defendants moved in this Court for a stay pending appeal, which was granted.