Capital One, N.A. v Hunter (2025 NY Slip Op 01784)

Capital One, N.A. v Hunter

2025 NY Slip Op 01784

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2022-09892
 (Index No. 3967/13)

[*1]Capital One, N.A., appellant, 
v
William I. Hunter, also known as William Hunter, et al., respondents, et al., defendants.

Friedman Vartolo LLP, New York, NY (Zachary Gold and Stephen Vargas of counsel), for appellant.
Clair Gjertsen & Weathers, PLLC, White Plains, NY (Mary Aufrecht of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered October 26, 2022. The order denied the plaintiff's motion, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendants William I. Hunter, also known as William Hunter, and Karen Hunter and, in effect, searched the record and awarded summary judgment to the defendants William I. Hunter, also known as William Hunter, and Karen Hunter dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In April 2013, the plaintiff commenced this action against William I. Hunter, also known as William Hunter, and Karen Hunter (hereinafter together the defendants), among others, to foreclose a mortgage on certain residential property located in Jericho. The defendants interposed an answer, asserting several affirmative defenses, including failure to comply with RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendants, to strike their answer and dismiss their affirmative defenses, and for an order of reference. The defendants opposed the motion, contending, among other things, that the plaintiff failed to strictly comply with RPAPL 1304. In an order entered October 26, 2022, the Supreme Court denied the plaintiff's motion and, in effect, searched the record and awarded summary judgment to the defendants dismissing the amended complaint insofar as asserted against them. The plaintiff appeals. We affirm.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). "RPAPL 1304(2) states that [t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice" (Deutsche Bank [*2]Natl. Trust Co. v Hennessy, 218 AD3d 740, 741 [internal quotation marks omitted]).
Here, the Supreme Court properly denied the plaintiff's motion, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendants. The defendants are both borrowers for purposes of RPAPL 1304 and, thus, were each entitled to RPAPL 1304 notice (see Deutsche Bank Natl. Trust Co. v Hennessy, 218 AD3d at 741). However, although both defendants were entitled to RPAPL 1304 notice, the plaintiff failed to establish that it sent a 90-day notice individually addressed to each defendant in separate envelopes, as required by the statute (see Deutsche Bank Natl. Trust Co. v Zatari, 220 AD3d 1151, 1153; U.S. Bank N.A. v Reddy, 220 AD3d 967, 971; Deutsche Bank Natl. Trust Co. v Hennessy, 218 AD3d at 741; U.S. Bank N.A. v Maioriello, 207 AD3d 428, 428; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 136). Rather, the record shows that one notice was improperly addressed to both defendants.
For the same reason, the defendants were entitled to summary judgment dismissing the amended complaint insofar as asserted against them (see U.S. Bank N.A. v Reddy, 220 AD3d at 972).
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court