Wells Fargo Bank, N.A. v Welz (2025 NY Slip Op 03355)

Wells Fargo Bank, N.A. v Welz

2025 NY Slip Op 03355

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-00730
2023-07912
2023-07917
2024-12354
 (Index No. 20603/13)

[*1]Wells Fargo Bank, N.A. plaintiff, 
v
Esther Welz, appellant, et al., defendants; Wilmington Savings Fund Society, FSB, etc., nonparty-respondent. (Appeal Nos. 1 and 2.)
Wilmington Savings Fund Society, FSB, etc., plaintiff,
v
Esther Welz, appellant, et al., defendants; 1900 Capital Trust II, etc., nonparty-respondent. (Appeal Nos. 3 and 4.)

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellant.
Hill Wallack, LLP, New York, NY (Michael C. Manniello of counsel), for nonparty-respondent in Appeal Nos. 3 and 4.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Esther Welz appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 5, 2022, (2) an order of the same court also dated August 5, 2022, (3) an order of the same court dated April 27, 2023, and (4) an order and judgment of foreclosure and sale (one paper) of the same court also dated April 27, 2023. The first order dated August 5, 2022, insofar as appealed from, granted those branches of the motion of Wilmington Savings Fund Society, FSB, which were for summary judgment on the complaint insofar as asserted against the defendant Esther Welz, to strike her answer, and for an order of reference. The second order dated August 5, 2022, insofar as appealed from, granted the same relief to Wilmington Savings Fund Society, FSB, and appointed a referee to compute the amount due on the note. The order dated April 27, 2023, insofar as appealed from, granted those branches of the motion of 1900 Capital Trust II which were to confirm the referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, insofar as appealed from, granted the same relief to 1900 Capital Trust II, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeals from the orders dated August 5, 2022, and April 27, 2023, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, those branches of the motion of Wilmington Savings Fund Society, [*2]FSB, which were for summary judgment on the complaint insofar as asserted against the defendant Esther Welz, to strike her answer, and for an order of reference are denied, those branches of the motion of 1900 Capital Trust II which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, and the orders dated August 5, 2022, and April 27, 2023, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Esther Welz.
The appeals from the orders dated August 5, 2022, and April 27, 2023, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In November 2013, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced this action against the defendants Esther Welz and Marvin Welz (hereinafter together the borrowers), among others, to foreclose a mortgage on certain real property located in Brooklyn. Esther joined issue by filing an answer in November 2019.
Thereafter, Wilmington Savings Fund Society, FSB (hereinafter Wilmington), Wells Fargo's successor in interest, moved, inter alia, for summary judgment on the complaint insofar as asserted against Esther, to strike her answer, and for an order of reference. Esther opposed the motion, contending, among other things, that Wells Fargo failed to strictly comply with the notice requirements of RPAPL 1304. In an order dated August 5, 2022, the Supreme Court, inter alia, granted those branches of the motion, and in a second order also dated August 5, 2022, the court, among other things, granted the same relief to Wilmington and appointed a referee to compute the amount due on the note.
Subsequently, 1900 Capital Trust II (hereinafter 1900 Capital), Wilmington's successor in interest, moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. Esther opposed the motion. In an order dated April 27, 2023, the Supreme Court, among other things, granted those branches of the motion, and in an order and judgment of foreclosure and sale also dated April 27, 2023, the court, inter alia, granted the same relief to 1900 Capital, confirmed the referee's report, and directed the sale of the property. Esther appeals.
RPAPL 1304 requires that at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in the statute, such lender, assignee, or mortgage loan servicer give notice to the borrower. The statute prescribes the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see id. § 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see Deutsche Bank Natl. Trust Co. v Loayza, 204 AD3d 753, 754), "and the plaintiff has the burden of establishing satisfaction of this condition" (U.S. Bank N.A. v Nahum, 232 AD3d 715, 716 [internal quotation marks omitted]). "[T]he mailing of a 90-day notice jointly addressed to two or more borrowers in a single envelope is not sufficient to satisfy the requirements of RPAPL 1304, and . . . the plaintiff must separately mail a 90-day notice to each borrower as a condition precedent to commencing the foreclosure action" (Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 134; see HSBC Bank USA, N.A. v Schneider, 216 AD3d 1148, 1149).
Here, in support of its motion, among other things, for summary judgment on the complaint insofar as asserted against Esther, Wilmington failed to establish strict compliance with RPAPL 1304. Although the RPAPL 1304 notice was mailed to the borrowers by both certified and first-class mail, Wilmington failed to establish that Wells Fargo sent a 90-day notice individually addressed to each borrower in a separate envelope, as required by the statute (see Deutsche Bank Natl. Trust Co. v Loayza, 204 AD3d at 754-755; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d [*3]at 134). Instead, as 1900 Capital concedes, the RPAPL 1304 notice was not mailed individually, in a separate envelope, to Esther. Rather, the envelope purportedly providing the RPAPL 1304 notice to Esther was jointly addressed to her and Marvin in one envelope. This was insufficient to establish compliance with RPAPL 1304 (see HSBC Bank USA, N.A. v Schneider, 216 AD3d at 1149; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d at 134).
Accordingly, the Supreme Court should have denied those branches of Wilmington's motion which were for summary judgment on the complaint insofar as asserted against Esther, to strike her answer, and for an order of reference.
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court