HSBC Bank USA, N.A. v Stein (2025 NY Slip Op 04638)

HSBC Bank USA, N.A. v Stein

2025 NY Slip Op 04638

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-10359
2023-02487
 (Index No. 613836/18)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Steven Stein, appellant, et al., defendants.

Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Stein, Weiner & Roth, LLP (Reed Smith LLP, New York, NY [James N. Faller and Andrew B. Messite], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Steven Stein appeals from (1) an order of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated December 8, 2022, and (2) an order and judgment of foreclosure and sale (one paper) of the same court (S. Betsy Heckman Torres, J.) entered December 20, 2022. The order dated December 8, 2022, insofar as appealed from, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denied that branch of that defendant's cross-motion pursuant to CPLR 5015(a) which was to vacate so much of an order of the same court (Howard Heckman, Jr., J.), dated March 9, 2020, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference. The order and judgment of foreclosure and sale, upon the order dated March 9, 2020, granted the same relief to the plaintiff as the order dated December 8, 2022, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order dated December 8, 2022, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, that branch of the cross-motion of the defendant Steven Stein which was pursuant to CPLR 5015(a) to vacate so much of the order dated March 9, 2020, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference is granted, that portion of the order dated March 9, 2020, is vacated, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference are denied, and the order dated December 8, 2022, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Steven Stein.
The appeal from the order dated December 8, 2022, must be dismissed because the [*2]right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On July 25, 2005, the defendant Steven Stein (hereinafter the defendant) executed a note in the amount of $277,000 in favor of Fremont Investment & Loan (hereinafter Fremont). The note was secured by a mortgage on certain real property located in Suffolk County.
In July 2018, the plaintiff, Fremont's successor in interest, commenced this action against the defendant, among others, to foreclose the mortgage. In his answer, the defendant asserted, among other things, that the "[p]laintiff failed to comply with the notice requirements imposed by Article 13 of the Real Property Actions and Proceedings Law." The defendant also alleged that the "[p]laintiff failed to duly serve notice of default as required by the terms of the [m]ortgage."
In August 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference "upon the grounds that there are no triable issues of fact and that there is no merit to the defenses asserted in the defendant's Answer." In opposition, the defendant argued, among other things, that the plaintiff lacked standing and failed to demonstrate that it had negotiated in good faith. The defendant's opposition papers failed to address the affirmative defenses of failure to comply with RPAPL article 13 or with the notice-of-default provision of the mortgage agreement. In an order dated March 9, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The defendant did not appeal from the order dated March 9, 2020.
In July 2022, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved, among other things, to vacate so much of the order dated March 9, 2020, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant contended, inter alia, that that portion of the order dated March 9, 2020, should be vacated and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference should be denied because the plaintiff failed to establish its compliance with RPAPL 1304. In an order dated December 8, 2022, the Supreme Court granted the plaintiff's motion and denied that branch of the defendant's cross-motion. In an order and judgment of foreclosure and sale entered December 20, 2022, the court granted the same relief to the plaintiff as the order dated December 8, 2022, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304(2) states that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice" (see Deutsche Bank Natl. Trust Co. v Hennessy, 218 AD3d 740, 741).
Contrary to the plaintiff's contention, the defendant did not waive his contention that the plaintiff failed to comply with RPAPL 1304 as "'[a] defense based on noncompliance with RPAPL 1304 may be raised at any time'" prior to the entry of a judgment of foreclosure and sale (Wells Fargo Bank, N.A. v Davidson, 202 AD3d 880, 882 [internal quotation marks omitted], quoting U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207). In opposition to that branch of the defendant's cross-motion which was to vacate so much of the order dated March 9, 2020, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, the plaintiff failed to establish its strict compliance with the service requirements of RPAPL 1304. Although the plaintiff [*3]demonstrated that an RPAPL 1304 notice was mailed to the defendant and to Melanie Martinez, another defendant in the action, by both certified and first-class mail, the plaintiff failed to show that it sent RPAPL 1304 notices addressed individually to each of those defendants as required by the statute (see U.S. Bank N.A. v Reddy, 220 AD3d 967, 972; HSBC Bank USA, N.A. v Schneider, 216 AD3d 1148, 1149; Deutsche Bank Natl. Trust Co. v Loayza, 204 AD3d 753, 754-755; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and granted that branch of the defendant's cross-motion which was pursuant to CPLR 5015(a) to vacate so much of the order dated March 9, 2020, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court